No. 589

THOMAS, et, rec. v. CLEVELAND TRUST CO. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7982 to 86 inc. Decided June 27, 1927

185. BUILDING AND LOAN COMPANIES—Building and Loan Companies which, contrary to law, have pledged mortgages as security for money borrowed without securing consent of building and loan inspector, cannot recover securities without tendering money borrowed.

First Publication of this Opinion

VICKERY, J.

All of these cases come into this court on petitions in error to the Court of Common Pleas of Cuyahoga County.

The plaintiffs herein are the receivers of The Municipal Savings and Loan Co., which, prior to the receivership, borrowed large amounts of money from the various banks and pledged as security for such loans, mortgages and notes which it had taken from its customers.

After the insolvency, the receivers brought several suits, alleging the assignments and pledging of collateral by The Building and Loan Co., without the consent of the building and loan inspector of the State, and seeking to recover the securities.

No offer was made to put the various banks in status quo. A demurrer to the petition was sustained by the Court of Common Pleas.

We know of no principle of law or of equity which would permit the receivers to recover the securities without first making good the loan.

Judgment affirmed.

Sullivan, PJ. and Levine, J., concur.)

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart for Thomas, et; Messrs. Bernon, Mulligan, Keeley & LeFever, Messrs. Sawyer, Cummings, Hook, Strong and Douglas, F. K. Pickering Esq., Messrs. Smith, Olds, Smith and Shepherd, Messrs. Baker, Hostetler and Sidlo, for Cleveland Trust Co., et.

No. 590

SPITZ, et v. SPITZ

Ohio Appeals, 8th Dist. Cuyahoga Co.

No. 8222, Decided June 27, 1927.

482. EXCEPTIONS — Proper objections must be raised and exceptions taken by complaining party who claims prejudicial error in instructions of court.

225. CHARGE OF COURT—Counsel must make special requests or applications to court, to supply omissions in charge, in order to eradicate error complained of.

1265. WEIGHT OF EVIDENCE—Reviewing court will not set aside verdict on weight of evidence unless record shows some striking fact or circumstance which is grave error to such a degree that it is shocking to the senses.

First Publication of this Opinion

SULLIVAN, J.

Plaintiff herein seeks reversal on the ground that the court committed error in the charge, and various other errors, and that the verdict and judgment are clearly and manifestly against the weight of the evidence.

The action of the court below was based upon a written agreement for legal services, which agreement provided for a fee contingent upon the carrying out of all the provisions therein contained.

It was alleged that all the terms of the agreement were complied with, and, after trial, a judgment was rendered in favor of the plaintiff.

We find, on examination of the record, that the assignment of error as to the charge, is not well taken. In the first place, we do not find any prejudicial error in the instructions of the court, and it does not appear that proper objections and exceptions were taken by the complaining party.

It further appears that as to omissions, counsel did not make any special requests or any applications to the court, to supply the omissions, in order to eradicate any error complained of. Hence, as to the charge, we find no prejudicial error.

In order to set the verdict aside as a matter of law, there must project from the record some striking fact or circumstance which shows that a grave error has been committed by the jury or court below, and to such a degree that it is shocking to the senses. We do not find any such status in this record.

Judgment affirmed.

(Vickery and Levine, JJ., concur.)

Attorneys—Wm. W. Rosenzweig for plaintiffs in error, et; M. Welensky for defendant in error, both of Cleveland.